UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-37-PA (KK) | Date | March 27, 2015 |
|---|---|---|---|
| Title | Lance Williams v. Katherine Allard, et al. | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order To Show Cause Why This Action Should Not Be Dismissed

On November 30, 2014, Plaintiff Lance Williams, proceeding *pro se* and *in forma pauperis*, constructively filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint").[1]  The Complaint appears to be untimely on its face, and to challenge the validity of Plaintiff's confinement.  Thus, Plaintiff is ordered to show cause why the Complaint should not be dismissed as time-barred and as an invalid challenge to Plaintiff's confinement.

## I.  BACKGROUND

The Complaint is one of five civil rights complaints Plaintiff has filed since September 23, 2014.  See Case Nos. 2:14-cv-7583-GW-KK; 2:14-cv-8037-PA-KK; 2:14-cv-8039-PA-KK; 2:14-8640-PA-KK; 2:14-cv-8640-PA-KK.  The Complaint was received by the Court on January 2, 2015, and filed on January 5, 2015.  ECF No. 1 at 1.  Plaintiff sues various defendants for conspiring to wrongfully imprison him on January 10, 2011, and January 28, 2011.  See ECF No. 1 at 3, 6, 11.  Plaintiff states his confinement violated an "agreed upon plea agreement."  Id. at 11.

---

[1] Under the "mailbox rule," when a *pro se* prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).  Here, Plaintiff states he signed the Complaint on November 30, 2014.  ECF No. 1 at 13.  Thus, the Court considers that date to be the date of filing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-37-PA (KK) | | Date | March 27, 2015 |
|---|---|---|---|---|
| Title | Lance Williams v. Katherine Allard, et al. | | | |

On December 3, 2014, in response to orders to show cause in two of his other cases, Plaintiff filed declarations ("OSC Declarations") in which he admitted he was not incarcerated for approximately 16 months from 2011 to 2013 – specifically, from February 28, 2011, until August 4, 2011, and from "mid October 2012" until September 18, 2013.[2] Case No. 2:14-cv-7583-GW-KK, ECF No. 12 at 3-4; Case No. 2:14-cv-8640-PA-KK, ECF No. 6 at 2-4.

## II.  DISCUSSION

**A.  The Complaint Appears to Be Untimely on Its Face.**

**1.  Relevant Law**

A court may dismiss a complaint *sua sponte* "on the ground that it is barred by the applicable statute of limitations" if "the running of the statute is apparent on the face of the complaint." Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (citation and internal quotation marks omitted); see also Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 687 (9th Cir. 1993).

"For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." Jones, 393 F.3d at 927 (citation omitted). California's statute of limitations for personal injury claims is two years. Id. (citing Cal. Civ. Proc. Code § 335.1). California law "provides for the tolling of a statute of limitations for a period of two years based on the disability of imprisonment," if the plaintiff is "'imprisoned on a criminal charge . . . for a term less than for life.'" Id. (quoting Cal. Civ. Proc. Code § 352.1) (footnote omitted).  "[A]ctual, uninterrupted incarceration is the touchstone for applying

---

[2] The Court takes judicial notice of the OSC Declarations.  A court "may take judicial notice of matters of public record," including of "proceedings and filings" in other cases and "in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (citations and internal quotation marks omitted); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citations and internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-37-PA (KK) | Date | March 27, 2015 |
|---|---|---|---|
| Title | Lance Williams v. Katherine Allard, et al. | | |

California's tolling provision for the disability of imprisonment." Id. at 928 (citations and internal quotation marks omitted).

In addition, "California courts apply equitable tolling to prevent the unjust technical forfeiture of causes of action, where the defendant would suffer no prejudice." Id. at 928 (citation and internal quotation marks omitted). "Application of California's equitable tolling doctrine requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the limitations statute." Id. (citations, internal quotation marks, and alterations omitted). "Under California law, a plaintiff must meet three conditions to equitably toll a statute of limitations:  (1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith." Fink v. Shelder, 192 F.3d 911, 916 (9th Cir. 1999) (citation and internal quotation marks omitted). "[T]he effect of equitable tolling is that the limitations period stops running during the tolling event, and begins to run again only when the tolling event has concluded." Lantzy v. Centex Homes, 31 Cal. 4th 363, 370 (2003). The burden to plead facts which would give rise to equitable tolling falls upon the plaintiff. Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir. 1993); see also Kleinhammer v. City of Paso Robles, 385 Fed. App'x 642, 643 (9th Cir. 2010).

While "state law determines the length of the limitations period, federal law determines when a civil rights claim accrues." Morales v. City of Los Angeles, 214 F.3d 1151, 1153-54 (9th Cir. 2000). Under federal law, "a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." TwoRivers v. Lewis, 174 F.3d 987, 992 (9th Cir. 1999) (citation omitted).

2.  **Application**

Plaintiff's claims accrued, at latest, on January 28, 2011. ECF No. 1 at 3. After that date of accrual, Plaintiff was unincarcerated for approximately 16 months – *i.e.*, from February 28, 2011, until August 4, 2011, and from "mid October 2012" until September 18, 2013. Case No. 2:14-cv-7583-GW-KK, ECF No. 12 at 3-4; Case No. 2:14-cv-8640-PA-KK, ECF No. 6 at 2-4. Therefore, at most, Plaintiff is entitled to nine months of tolling for the "disability of imprisonment." Jones, 393 F.3d at 927. Adding nine months to section 1983's two-year statute of limitations, Plaintiff had, at most, two years and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-37-PA (KK) | Date | March 27, 2015 |
|---|---|---|---|
| Title | Lance Williams v. Katherine Allard, et al. | | |

nine months from the date of accrual to file this action. Id. Thus, Plaintiff was required to file this action by October 28, 2013, at the latest.

Plaintiff did not file the Complaint until November 30, 2014, more than 13 months after the expiration of the statute of limitations. Furthermore, Plaintiff has not asked for equitable tolling, much less demonstrated he is eligible for it. Therefore, the Complaint appears to be time-barred.

**B.    The Complaint Appears to Challenge the Validity of Plaintiff's Confinement.**
      **1.    Relevant Law**

A petition for a writ of habeas corpus "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement." Heck v. Humphrey, 512 U.S. 477, 481, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) (citation omitted). "[A] state prisoner's § 1983 action is barred" if "success in that action would necessarily demonstrate the invalidity of confinement or its duration," except where the prisoner's conviction has already been invalidated. Wilkinson v. Dotson, 544 U.S. 74, 81-82, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005).

      **2.    Application**

The Complaint alleges the Defendants conspired to wrongfully imprison Plaintiff, and that Plaintiff's confinement violated an "agreed upon plea agreement." ECF No. 1 at 6, 11. Thus, the Complaint appears to challenge the "fact or duration" of Plaintiff's confinement. Heck, 512 U.S. at 481. Because Plaintiff has not shown his conviction has already been invalidated, the Complaint appears to be barred under Heck. Wilkinson, 544 U.S. at 81-82.

### IV.  CONCLUSION

Plaintiff is therefore ORDERED TO SHOW CAUSE within **fourteen (14) days** of the date of this Order why the Court should not dismiss the Complaint with prejudice as untimely or as an invalid challenge to Plaintiff's confinement.

As an alternative, Plaintiff may, within **fourteen (14) days** of the date of this Order, request a voluntary dismissal of this action without prejudice, pursuant to Federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-37-PA (KK) | Date | March 27, 2015 |
|---|---|---|---|
| Title | Lance Williams v. Katherine Allard, et al. | | |

Rule of Civil Procedure 41(a). **A Notice of Dismissal Form is attached for Plaintiff's convenience.**

The Court warns Plaintiff that failure to file a timely response to this Order will result in a recommendation that this action be dismissed with prejudice for failure to follow Court orders.